UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FANNIE KOLISH AND KEVIN GRAVES, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) No. 2:16-cv-00145-JMS-MJD ) |
| METAL TECHNOLOGIES, INC., | ) ) |
| Defendant. | ) ) |

**ORDER ON MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT FOR DAMAGES**

This matter is before the Court on Plaintiffs' *Motion for Leave to File First Amended Complaint for Damages*. [Dkt. 76.] Plaintiffs were members of a class action against Defendants for non-neutral rounding wage claims in a case captioned *Weil v. Metal Technologies, Inc.*, No. 2:15-CV-00016-JMS-MPB, 2017 WL 2306373 (S.D. Ind. May 26, 2017). On May 26, 2017, the *Weil* class was decertified. Plaintiffs now seek leave to file an amended complaint to add a claim for Defendant's alleged practice of illegal time card rounding. Based upon the following, Plaintiffs' Motion is **GRANTED**.

**I.     Legal Standard**

Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should freely permit a plaintiff to amend its pleadings as "justice so requires." Fed. R. Civ. P. 15(a)(2). The Seventh Circuit has instructed that courts should generally allow amendment unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, or futility of the amendment." *Ferguson v. Roberts,* 11 F.3d 696, 706 (7th Cir. 1993). An amendment is futile if it could not survive a motion to dismiss or a motion for summary judgment. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Nw. Indiana*, 786 F.3d 510, 524 (7th Cir. 2015); *see also Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

## II.    Background

This is an action under the Fair Labor Standards Act ("FLSA") and Indiana Wage Payment Statute for unpaid wages caused by Defendant Metal Technologies, Inc.'s alleged treatment of recorded breaks of twenty minutes or less as uncompensated time. [Dkt. 76-1 at 1.] Fannie Kolish, one of two Plaintiffs, worked for Metal Technologies at its Bloomfield, Indiana manufacturing facility from September 11, 2014 until her voluntary resignation in April 2015. [Dkt. 76-1 at 2.] Kevin Graves, the other Plaintiff, worked for Metal Technologies at the same facility from February 2012 until his voluntary resignation at the end of October 2013. [Dkt. 76-1 at 2.] Metal Technologies manufactures different types of automobile parts at its Bloomfield plant. [Dkt. 76-1 at 3.] Kolish filed her original complaint on April 27, 2016 and Graves was granted permission to intervene on October 24, 2016. [Dkt. 1.]

At the time of the filing of the original complaint, Kolish and Graves were members of a class action and FLSA collective action, captioned *Weil v. Metal Technologies, Inc.*, to recover alleged unpaid wages and overtime compensation from alleged non-neutral rounding of time clock punches by Metal Technologies. 2017 WL 2306373. Plaintiffs' theory is that Metal Technologies rounds time down from employees' time records to the benefit of Metal Technologies, thus failing to compensate Plaintiffs for their actual hours worked.

In *Weil*, the plaintiffs moved for partial summary judgment on the issue of liability regarding wage deduction and timekeeping claims including the non-neutral rounding claims. 2017 WL 2306373, at *3. The plaintiffs argued that there was no genuine issue of material fact because the time cards conclusively established Metal Technologies' liability for the illegal rounding. 2017 WL 2306373, at *3; *see* Fed. R. Civ. P. 56(a). Metal Technologies moved to decertify the class, contending that the class members were not similarly situated. 2017 WL 2306373, at *12; *see also* Campbell v. Advantage Sales & Mktg., LLC, 2010 WL 3326752, *3-4 (S.D. Ind. 2010); 29 U.S.C. § 216(b).

First, with regard to the *Weil* plaintiffs' motion for summary judgment, the Court found that the "threshold issue" was whether the time cards conclusively established the plaintiffs' actual work. 2017 WL 2306373, at *6; *see also* 29 C.F.R. § 516.2(a)(7)-(9) (employer requirements for maintaining and preserving payroll records). The Court found, in light of evidence that the time cards did not completely and accurately reflect the plaintiffs' work hours, that the time card records alone could not conclusively establish the hours actually worked by the employees. *Id.* The Court concluded that "genuine disputes of material fact exist regarding the issue of liability on Plaintiff's FLSA and IWPA claims, and therefore Plaintiff's Motion for Partial Summary Judgment is denied." *Id.* at *11-12.

Second, Metal Technologies moved to decertify the class. Regarding this issue, the court concluded that, because the time records could not conclusively establish liability, the plaintiffs had not "demonstrated adequate similarity to support class certification." *Id.* at *14. Rather, each plaintiff would have to rely on distinct evidence demonstrating that she was actually working during the uncompensated time. Following the decertification order in *Weil*, Kolish and Graves moved this Court to add the non-neutral rounding claim to their complaint in this case.

**III.     Discussion**

Once decertification had been granted on Defendant's motion in *Weil*, Plaintiffs Kolish and Graves filed this motion to amend their Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). [Dkt. 76.]  In response, Metal Technologies argues that Plaintiffs' Motion should be denied because the non-neutral rounding claim was rejected in the Court's decertification order. [Dkt. 77 at 2.]  Specifically, Metal Technologies argues that the time cards Plaintiffs rely are not conclusive evidence that Defendant failed to pay wages for times they were clocked in outside of Plaintiffs' scheduled shifts. [Dkt. 77 at 2.]  Defendant argues that the *Weil* court found the time cards presented by Plaintiffs "do not establish the key element that Plaintiffs actually worked during the hours represented on the time cards." [Dkt. 77 at 3 (*quoting Weil, 2017 WL 2306373*, at *9).]

In reply, Plaintiffs argue that Defendant appears to misunderstand the *Weil* Court's ruling to decertify the class and the rulings on summary judgment and that their rounding claim is not subject to claim preclusion or issue preclusion as it was not decided on the merits of the issue. [Dkt. 79 at 5 (*citing Jones v. City of Alton, Ill.* 757 F.2d 878, 885 (7th Cir. 1985)).]

The procedural posture in *Weil* makes clear that the court did not render a decision on the merits of Kolish and Graves's proposed rounding claims. Rather, *Weil* determined that the members of the class were not similarly situated and that the time records could not establish the plaintiffs' entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *see also Campbell v. Advantage Sales & Mktg., LLC*, 2010 WL 3326752, *3-4 (S.D. Ind. 2010).   In fact, while the *Weil* court held that plaintiffs could not conclusively establish liability based upon the time cards and payroll records alone, the court expressly determined that the plaintiffs could prove their theory of improper rounding with other evidence, even explaining how the

4

"[p]laintiffs could, for example, provide deposition testimony or affidavits from employees attesting to the fact that they worked during even some of their early clock-ins or late clock-outs." *Weil*, 2017 WL 2306373, at *8.

Metal Technologies' lone response to the fact that *Weil* does not reflect a decision on the merits is that the proposed amended complaint fails to allege that Plaintiffs "were actually working before their shift began and after it ended." [Dkt. 77 at 3 (emphasis omitted).] As an initial matter, the proposed amended complaint does appear to contain such an allegation. [*E.g.*, Dkt. 76-1 at 1 ("Metal Technologies' employee time records and wage records make clear the fact that Metal Technologies failed to pay Kolish and Graves substantial wages because it did not pay Kolish or Graves from the moment each actually clocked in **and began work** . . . ." (emphasis added)).] But even if there were no such allegation, Kolish and Graves's reply brief makes clear that they intend to rely upon the types of corroborating evidence identified in *Weil* to establish their rounding claims [*e.g.*, Dkt. 79 at 2-3], and a party facing the equivalent of a motion to dismiss "is free to elaborate upon the facts [that they intend to prove] in a brief," *Bible v. Utd. Student Aid Funds, Inc.*, 799 F.3d 633, 640 n.1 (7th Cir. 2015) (collecting cases).

*Weil* clearly held that Kolish and Graves may not rely solely upon the time cards to establish liability in this case. But Kolish and Graves have explained that they will offer corroborating evidence to support their claims. Whether they will be able to unearth sufficient evidence to prove their claims is a distinct question from whether they may attempt to do so. The Court cannot say based on *Weil* that Kolish and Graves's attempt to do so is futile, and Metal Technologies makes no other argument that amendment would be improper. Thus, given the liberal amendment standards set forth in Rule 15(a)(2), the Court **GRANTS** Plaintiffs' Motion.

## IV. Conclusion

For the foregoing reasons the Court **GRANTS** Plaintiffs' *Motion for Leave to File First Amended Complaint for Damages*. [Dkt. 76.] The Clerk is directed to docket *Plaintiffs' First Amended Complaint for Damages* [Dkt. 76-1] filed as of the date of this order.

Dated: 21 JUL 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.